## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROBERT MONTRY and | ) | |
| LAURA MONTRY, | ) | Case No. 08-30413 |
| | ) | |
| Debtors. | ) | |

### MEMORANDUM OPINION AND ORDER

Section 1325(a) of the Bankruptcy Code states that "the court shall confirm a [Chapter 13] plan if . . . (3) the plan has been proposed in good faith and not by any means forbidden by law."[1] In the motion to deny confirmation now before the Court, the Chapter 13 trustee contends that the Debtors' plan has not been proposed in good faith, and therefore confirmation of the plan should be denied, because its apparent purpose is to provide solely for the payment over time of the attorney's fees associated with the Debtors' bankruptcy case.[2] The Debtors do not deny that this is the reason they filed their bankruptcy petition under Chapter 13 instead of under Chapter 7; to the contrary, they assert that the good faith requirement in § 1325(a)(3) does not forbid a debtor from proposing such a plan.

The Bankruptcy Code does not define "good faith," in the context of § 1325(a) or otherwise. The prevailing standard for good faith is based on a consideration of the "totality of the facts and circumstances."[3] This was true prior to the enactment of BAPCPA,[4] and, contrary to the Debtors' contention otherwise, continues to be true after its enactment.[5] "BAPCPA does not direct a court to abandon viewing the totality of the circumstances, nor impose a requirement that a court blind

---

[1] 11 U.S.C. § 1325(a)(3).

[2] The Debtors' plan provides for no payments to priority, secured, or unsecured creditors.

[3] *In re Estus*, 695 F.2d 311 (8th Cir. 1982).

[4] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. Law No. 109-8.

[5] *Id.*; *In re Paley*, 390 B.R. 53 (Bankr. N.D. N.Y. 2008).

itself to the full picture of the debtor's finances. . . . Satisfaction of § 1325(b) does not displace the good faith analysis as a prerequisite to confirmation."[6]

In *Estus*, the Eighth Circuit Court of Appeals suggested eleven factors courts may consider in their determination of whether a Chapter 13 case has been filed in good faith.[7] A point-by-point application of those factors is unnecessary here because, as the court in *Paley* concisely stated, "[a] plan whose duration is tied only to payment of attorney's fees simply is an abuse of the provisions, purpose, and spirit of the Bankruptcy Code."[8]

Confirming a Chapter 13 plan in a case where the only benefit to a debtor – beyond the relief available in Chapter 7 – is the ability to pay the bankruptcy attorney's fees over time would "judicially invalidate §727(a)(8)'s requirement of an eight-year hiatus between Chapter 7 discharges and replace it with either the four-year break required by § 1328(f)(1), or the two-year gap mandated by § 1328(f)(2);"[9] unnecessarily raise the cost of filing a bankruptcy petition for debtors who do not need or are ill suited for Chapter 13;[10] and subvert the Supreme Court's holding in *Lamie v. U.S.*

---

[6] *In re Paley*, 390 B.R. at 59.

[7] Those factors are: (1) the amount of the proposed payments and the amount of the debtor's surplus; (2) the debtor's employment history, ability to earn and likelihood of future increases in income; (3) the probable or expected duration of the plan; (4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court; (5) the extent of preferential treatment between classes of creditors; (6) the extent to which secured claims are modified; (7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7; (8) the existence of special circumstances such as inordinate medical expenses; (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act; (10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and (11) the burden which the plan's administration would place upon the trustee. *In re Estus*, 695 F.2d at 317.

[8] *In re Paley*, 390 B.R. at 60-61 ("These cases, basically Chapter 7 cases hidden within Chapter 13 petitions, blur the distinction between the chapters into a meaningless haze."). *See also In re Rush,* 387 B.R. 26, 35 (Bankr. W.D. Mo. 2008) ("The Court has some uneasiness about a Chapter 13 plan which does nothing more than pay attorney's fees and does not wish to encourage them.").

[9] *In re Paley*, 390 B.R. at 60.

[10] Counsel for the Debtors argues that the cost of filing a Chapter 7 under the Debtors' particular circumstances would have been just as expensive as the Chapter 13 case they filed. Even if this was true – and the Court has serious misgivings inasmuch as the attorney's fees in this case are $3,000 and the Debtors' attorney's standard fee for a Chapter 7 bankruptcy case is approximately half that amount ($1,515) – most Chapter 7 cases disguised as Chapter 13 cases would be more expensive due to the prevailing market rate for attorneys' fees in Chapter 13 cases and the additional administrative costs.

*Trustee*[11] prohibiting the payment of post-petition attorney's fees from a debtor's Chapter 7 bankruptcy estate. And those are just a few of the concrete, negative implications flowing from such cases.

For these reasons, the Court finds that the Debtors' Chapter 13 plan, which proposes payment of their Chapter 13 attorney's fees and nothing to pre-petition creditors, has not been filed in good faith. Therefore, the Court will deny confirmation of the Debtors' plan pursuant to 11 U.S.C. § 1325(a)(3). The Debtors shall file a confirmable plan within 20 days of the entry of this order or this case will be dismissed without further notice.

**SO ORDERED** this 11th day of September 2008.

/s/   Jerry W. Venters
United States Bankruptcy Judge

A copy of the foregoing mailed electronically or
conventionally to:
Ted L. Tinsman
Richard V. Fink

---

[11] 540 U.S. 526, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004).